**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HUBER & HUBER MOTOR EXPRESS, Inc., Respondent.**

No. 15340.

United States Court of Appeals
Fifth Circuit.

June 17, 1955.

Owsley Vose, Atty., N. L. R. B., David P. Findling, Asso. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., John Francis Lawless, Attorney, National Labor Relations Board, Washington, D. C., for petitioner.

Allen Watkins, Paul M. Daniell, Atlanta, Ga., for respondent.

Before RIVES, Circuit Judge, and DAWKINS and DE VANE, District Judges.

DE VANE, District Judge.

This case is before the court upon the petition of the National Labor Relations Board for enforcement of its order issued against respondent on July 22, 1954, pursuant to Section 10(e) of the National Labor Relations Act, as amended, 61 Stat. 136, 29 U.S.C.A. § 151 et seq. The complaint originally filed by the Board was against respondent and Truck Drivers and Helpers Local Union No. 728. The complaint against the Union was not sustained and was, therefore, dismissed.

Respondent is a corporation engaged in the transportation by freight as a common carrier, under certification of the Interstate Commerce Commission. It is admitted that respondent is engaged in interestate commerce and no jurisdictional question is presented here.

The Board found that respondent interfered with, restrained and coerced its employees in violation of Section 8(a) (1) of the Act by discharging Shop Steward, L. F. Barnett, as a reprisal for his persistence in presenting employee grievances, a concerted activity protected by Section 7 of the Act.

The undisputed facts in the case show that Barnett was discharged under the terms of a Union contract entered into between respondent and the Truck Drivers and Helpers Local Union No. 728, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers (A.F.L.). The contract contained a provision rigidly limiting and restricting conditions under which an employee could be discharged. Among the offenses for which an employee could be discharged was Rule 3(g): "Failure to

carry out orders—First Offense—letter of warning—Second Offense—discharge."

The company had a regulation approved under the contract which required all pickup drivers to telephone the dispatcher at 10:00 A.M. if not unloaded, and again at Noon and each hour thereafter. The regulation provided that failure to comply with this Rule would subject the employee to the penalties provided in the contract. On December 3, 1952 Barnett failed to make the required report and on the following day, pursuant to Rule 3(g) supra, he was given a warning notice. Under the contract a warning notice had no force and effect to support a discharge if it was issued more than six months prior to the date of the discharge. On June 1, 1953 Barnett again failed to make the required report and on the following day a notice of discharge was handed him for the violation of this Rule. Barnett immediately filed a grievance alleging that his discharge was not for just cause under the Union contract with respondent, but the joint Union-Company Arbitration Committee upheld the discharge.

The parties are not in dispute that the sole ground in the notice of discharge was a violation of the Rule in question and that under the provisions of the Rule respondent was within its legal rights under the Union Contract in discharging Barnett.

As stated above, the Board found and held that respondent discharged Barnett as a reprisal for his persistence in presenting employee grievances, a concerted activity protected by Section 7. The record shows that in July, 1951 the Union appointed Barnett shop steward. In that capacity he handled the initial stage of all grievances with respondent's terminal manager, M. P. Holland, Jr. The record further shows that Barnett had been very aggressive in the performance of his duties as shop steward. The record also discloses that Barnett had engaged in violent controversies with Holland and with the Union Officers and had acquired their ill-will which was mutual all around. In its findings the Board brushed aside, as of no consequence in this case, all the bad record that Barnett had built up for himself with respondent and his fellow employees and hinged its case solely upon Barnett's activities as shop steward. The Board found that respondent "discharged Barnett because of the latter's activities as shop steward in presenting and handling the grievances of fellow employees and that Barnett's failure to call the dispatcher was only a shadow, but opportune pretext, which Holland seized upon to screen his true motive."

Section 10(c) of the National Labor Relations Act provides: "No order of the Board shall require the reinstatement of an individual as an employee who has been suspended or discharged, or the payment to him of any back pay, if such individual was suspended or discharged for cause." As stated above, the record discloses that there existed several reasons for the unpopularity of Barnett, both with the management and with the Union Officers, and where the Board could as reasonably infer a proper collateral motive as an unlawful one, the act of the management cannot be set aside by the Board as being improperly motivated. National Labor Relations Board v. Houston Chronicle Publishing Company, 5 Cir., 211 F.2d 848. National Labor Relations Board v. Blue Bell Inc., 5 Cir., 220 F.2d.

Where a legal ground for discharge existed—as it did in this case—and the employee was discharged on that ground alone, obnoxious conduct on his part, in an activity protected by Section 7 of the Act, will not insulate him from being discharged on such legal ground.

Considered as a whole, the record in this case does not support the Board's petition for a decree for enforcement and accordingly the petition is denied.

Enforcement denied.